IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

COLUMBIA GAS TRANSMISSION, LLC,

        Plaintiff,

v.                                                   Civil Action No. 3:11-CV-060-JAG

DAVID N. MARTIN REVOCABLE TRUST
AND
ANN LOUISE MARTIN REVOCABLE TRUST,

        Defendants.

**<u>MEMORANDUM OPINION</u>**

This matter is before the Court on the plaintiff's motions to dismiss and for partial summary judgment, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 56.

In this case, Columbia Gas Transmission, LLC, ("Columbia") seeks a declaratory judgment regarding the scope of an easement over the land owned by the defendants, the David N. Martin Revocable Trust and the Ann Louise Martin Revocable Trust ("the Martins"), and the construction and operation of a valve station within that easement. The Martins and Columbia dispute the location of the easement, and whether Columbia has wrongfully removed some trees and shrubs from the easement.

The Martins contend, among other things, that Columbia's claims regarding the width of the easement are barred by the doctrines of res judicata and collateral estoppel. The Martins have raised these issues by both counterclaim and affirmative defense,[1] and Columbia has sought

---

[1] Count One of the defendants' counterclaim and their second affirmative defense both assert that the doctrines of res judicata and collateral estoppel preclude Columbia from filing suit regarding the scope of the easement. Res judicata and collateral estoppel are, however, affirmative defenses. Accordingly, the Court treats the pleadings as asserting these doctrines only as a

summary judgment as to both res judicata and collateral estoppel. The Court finds that the defendants have not satisfied all of the required elements of either defense. Accordingly, the Court will grant Columbia's motion for partial summary judgment.

Count III of the Martins' counterclaim contends that Columbia wrongfully removed plant growth from the easement. Columbia has moved to dismiss Count III. Because the Court finds that the defendants have alleged a claim with the required specificity in Count III of the counterclaim, the Court will allow that counterclaim to proceed.

## I. Standards of Review

### A. Motion for Summary Judgment

Under Rule 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The relevant inquiry in a summary judgment analysis is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986). In reviewing a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party. *Id.* at 255.

Once a motion for summary judgment is properly made and supported, the opposing party has the burden of showing that a genuine dispute exists. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact. *Anderson*, 477 U.S.

---

defense and will not further address Count One of the counterclaim. *See* Fed. R. Civ. P. 8(c)(2) ("If a party mistakenly designates a defense as a counterclaim, or a counterclaim as a defense, the court must, if justice requires, treat the pleading as though it were correctly designated, and may impose terms for doing so."). Count One of the counterclaim is dismissed.

at 247-48. Summary judgment must be granted if the nonmoving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). To defeat an otherwise properly supported motion for summary judgment, the nonmoving party must rely on more than conclusory allegations, "mere speculation," the "building of one inference upon another," the "mere existence of a scintilla of evidence," or the appearance of some "metaphysical doubt" concerning a material fact. *Lewis v. City of Va. Beach Sheriff's Office*, 409 F. Supp. 2d 696, 704 (E.D. Va. 2006) (citations omitted). Of course, the Court cannot weigh the evidence or make credibility determinations in its summary judgment analysis. *Williams v. Staples, Inc.*, 372 F.3d 662, 667 (4th Cir. 2004).

### B. Motion to Dismiss

A motion to dismiss tests the sufficiency of a complaint; it does not resolve contested factual issues. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all factual allegations in the complaint as true and must draw all reasonable inferences in favor of the plaintiff. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999); *Warner v. Buck Creek Nursery, Inc.*, 149 F. Supp. 2d 246, 254-55 (W.D. Va. 2001). To survive a motion to dismiss, a complaint must contain sufficient factual matter which, accepted as true, "state[s] a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

The plausibility standard requires a plaintiff to demonstrate more than "a sheer possibility that a defendant has acted unlawfully." *Id.* It requires the plaintiff to articulate facts that, when accepted as true, "show" that the plaintiff has stated a claim entitling him to relief, that is, the

"plausibility of 'entitlement to relief.'" *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949; *Twombly*, 550 U.S. at 557). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 540 U.S. at 545, to one that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* Although the Court must accept as true all well-pleaded factual allegations, the same is not true for legal conclusions. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

In considering such a motion, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Matkari*, 7 F.3d at 1134; *see also Martin*, 980 F.2d at 952.

## II. Statement of Material Facts

Applying the standards discussed above, the Court has concluded that the following narrative represents the facts for purposes of resolving the motion for summary judgment and the motion to dismiss.

The present action involves an easement running through the Martins' property. Columbia acquired the easement from one of the Martins' predecessors in title.

At one time, the area in which the easement is located was one large tract of land, owned by Frederick and Penelope McBride. On April 20, 1956, the McBrides entered into a right of way agreement ("ROW Agreement") with Commonwealth Natural Gas Corporation (a predecessor to Columbia) that granted Commonwealth a right of way on the McBride property to:

> [lay], maintain, operate and remove a pipe line, or pipe lines for the transportation of gas, oil, petroleum prod[u]cts, or any other liquids, gases, or substances which can be transported through a pipe line, throughout lands . . . with the right of ingress and egress to and from and through same.

4

(Countercl. ¶¶ 5-6.) The ROW Agreement, however, did not specify the exact width or location of the easement.

The McBride property was sold and subdivided, and in 2006 the Martins acquired the land at issue in this case. By the time the defendants purchased the property, two natural gas pipelines had been installed through the easement that ran through several of the subdivided properties in the area.

In 2007, Columbia began to engage in actions that affected the property, including: a significant clearing effort that removed plant life from the property; the construction of a gravel road on the property; and the construction of a second valve station within the easement (there was already one valve station erected on the defendants' property).[2] Upon learning of Columbia's most recent clearing activities occurring in 2010, the defendants filed suit in the Circuit Court of Goochland County, Virginia. The parties agreed to voluntarily dismiss those claims without prejudice after Columbia advised the Martins that they lacked standing in the lawsuit, since they had filed as individuals and not on behalf of the Trusts. Soon after, on January 24, 2011, Columbia filed the case under consideration.

Apparently Columbia's actions have caused a clamor in the Martins' neighborhood. Columbia filed suit against one of the Martins' neighbors, the Pounders, to establish the scope and location of Columbia's easement. The Pounders won their suit, and their victory, discussed in detail below, forms the basis of the Martins' res judicata and collateral estoppel claims.

---

[2] Neither party contests whether these actions occurred. Rather, they disagree over whether the actions were lawful under the ROW Agreement. This dispute is not a material fact for purposes of resolving the motion for summary judgment because the parties focus on the width of the easement and not which activities Columbia is allowed to engage in under the ROW Agreement. To resolve the motion to dismiss, the Court accepts as true the defendants' factual assertions in Count III of the counterclaim.

### III. Discussion

The doctrines of res judicata and collateral estoppel essentially say that a litigant only gets one bite at the apple to try a case. Once a case is won or lost, the parties may not relitigate the same issues again. The doctrines insure that a lawsuit leads to a final judgment that establishes for all time the rights of the parties to the litigation. The binding effect of previous judgments, however, becomes a trickier issue when, as here, someone outside the initial litigation tries to use a decided case to preclude future litigation of similar issues to those presented in the first case.

As noted above, the Circuit Court of Goochland County recently adjudicated a similar case involving the width of Columbia's easement. *See Columbia Gas Transmission, LLC v. Robert R. Pounders & Doris Pounders*, No. CL09-159 (the "*Pounders* action"). In that case, the state court issued a judgment against Columbia establishing the width of the easement through the Pounders' property to be approximately thirty-eight feet, as opposed to the sixty feet that Columbia sought.

#### *A. Res Judicata*

The *Pounders* decision is the basis of the defendants' res judicata defense. The defendants allege that the transaction or conduct at issue in both the present case and the *Pounders* action is the original grant of the easement completed by the McBrides and Commonwealth in 1956. The court in the *Pounders* action focused on the intent of the parties in determining the scope of the easement, which runs through many properties in the area, and the defendants conclude that a ruling on the scope of the easement on another property necessarily determines the scope of the easement on their own property.

"[I]n a diversity case[,] Virginia law governs the preclusive effect given to the judgment of a Virginia court." *Laughlin v. Morauer*, 849 F.2d 122, 126 (4th Cir. 1988) (citing *Parsons Steel, Inc. v. First Ala. Bank*, 474 U.S. 518, 106 S. Ct. 768 (1986)). Under Virginia law, the doctrine of res judicata "precludes parties from re-litigating a cause of action when a valid final judgment has been entered on the matter." *Wright v. Eckhardt*, 267 Va. 24, 26, 591 S.E.2d 668, 670 (2004). The party seeking to assert the doctrine has the burden of establishing that the issue in contention has already been adjudicated and a final judgment has been entered. *Cherokee Corp. of Linden, Va., Inc. v. Richardson*, 40 Va. Cir. 162 (Va. Cir. Ct. 1996).

The doctrine of res judicata is defined in the Rules of the Supreme Court of Virginia, and was amended in 2006 to clarify its elements. Rule 1:6 states as follows:

> A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, shall be forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct . . . whether or not the legal elements or evidence upon which any claims in the prior proceeding depended, or the particular remedies sought.

The amendment's purpose was to adopt a broader transactional approach to the doctrine of res judicata, under which the identity of the remedies and identity of legal theories are not required for the application of the doctrine. *Martin-Bangura v. Commonwealth Dep't of Mental Health*, 640 F. Supp. 2d 729, 738 (E.D. Va. 2009) (explaining that the doctrine of res judicata will apply notwithstanding that the evidence required and remedies sought in the two claims are not the same). The doctrine of res judicata in Virginia "operates to bar any claim that could have been brought in conjunction with a prior claim, where the claim sought to be barred arose out of the same conduct, transaction, or occurrence as the previously litigated claim." *Id.*

Under Virginia law, to establish res judicata, the defendants must show: (1) that the prior judgment is a final and valid judgment; (2) that the parties are identical or are in privity with

7

each other; and (3) that the claim made in the subsequent lawsuit arises out or relates to the same occurrence, conduct, or transaction upon which the prior lawsuit was based. *See id.*

The decisive issue in this case is privity. "One of the most important elements to res judicata is the identity of the parties; the present suit must involve the same parties or their privies in order for the doctrine to act as a bar." *Lohr v. McCurdy*, 52 Va. Cir. 352 (Va. Cir. Ct. 2000). It is clear that the Martins were not parties to the *Pounders* action, because they were not named as plaintiffs or defendants in that case.

The defendants argue, however, not that they were parties to the *Pounders* action, but that they are in privity with the Pounders. Virginia has "no generally prevailing definition of privity" to be used when applying the doctrine of res judicata to individual cases. *Storm v. Nationwide Mut. Ins. Co.*, 199 Va. 130, 134, 97 S.E.2d 759, 762 (1957); *see also State Water Control Bd. v. Smithfield Foods, Inc.*, 261 Va. 209, 214, 542 S.E.2d 766, 769 (2001) ("There is no single fixed definition of privity for purposes of res judicata."). Accordingly, determining which parties are in privity requires analysis on a case by case basis. *State Water Control Bd.*, 261 Va. at 214, 542 S.E.2d at 769. In Virginia, the "touchstone" for privity for res judicata purposes is that one "party's interest is so identical with another that representation by one party is representation of the other's legal right." *Id.* In other words, there must be some kind of relationship existing between the two parties that would permit one party to assert the other's legal rights during the first suit. *See Rawlings v. Lopez*, 267 Va. 4, 5, 591 S.E.2d 691, 692 (2004).

Virginia courts typically find privity when the parties share a contractual relationship, owe some kind of legal duty to each other, or have another legal relationship such as co-ownership. For instance, in *State Water Control Board v. Smithfield Foods*, privity existed between two executive bodies which shared the power to enforce certain regulations and

8

affirmatively chose to have one of them enforce the standard. 261 Va. at 216-17, 542 S.E.2d at 770-71 (explaining that a "joint endeavor" between the EPA and a state environmental agency rendered the state agency able to advance the exact same legal right under statute as the EPA, therefore making the parties privies of each other). Similarly, a subrogation clause in a valid and legal insurance policy between two parties can put them in privity. See *Yorke v. State Farm Ins. Co.*, 52 Va. Cir. 561 (Va. Cir. Ct. 1999) ("State Farm's rights of subrogation as contained in its insurance contract with the Yorkes places State Farm in the same shoes as the Yorkes in regard to seeking a judgment . . . ."). In another case, the court held that the agent of an insurance company can be in privity with the insurance company due to his legal relationship with his employer. See *Lohr v. McCurdy*, 52 Va. Cir. 352 (Va. Cir. Ct. 2000) ("As an agent for Nationwide, [the defendant's] acts bound Nationwide to this policy.") (citing *State Farm Mut. Auto. Ins. Co. v. Miller*, 194 Va. 589, 74 S.E.2d 145 (1953)). Finally, a husband and wife who jointly owned disputed property under a single deed stood in privity with each other. See *Kesler v. Fentress*, 223 Va. 14, 17, 286 S.E.2d 156, 157 (1982). The pattern derived from these cases is that privity is most often found among parties that share a contractual relationship, owe some kind of legal duty to each other, or have another legal relation such as co-ownership.

In contrast, the Court found no privity in *Rawlings v. Lopez*. In *Rawlings*, the driver of a car and the passenger of the same car filed lawsuits stemming from the same accident. *Id.* at 4, 591 S.E. 2d at 691. In the first suit regarding the accident, filed by the driver of the car, a judgment was entered in favor of Lopez, who was the driver of the other car involved in the accident. In a second suit, Lopez claimed that the passenger's suit was barred by the doctrine of res judicata. The Supreme Court of Virginia held that res judicata did not apply because the driver of the car was not in privity with the passenger. *Id.* at 5, 591 S.E.2d at 692 ("The record

9

reflects no relationship existing between appellants and the driver that would have permitted the driver to assert appellants' legal rights during the first suit. Thus no privity existed . . . .").

*Rawlings* governs this case. Both the Pounders and the Martins took their deeds from the same source (the McBrides). But the common source of title does not resolve the issue whether the case is barred by the Pounders judgment. Essentially, the Martins say that the easement is uniform throughout the old McBride property, so the easement is the same on both sites. This, however, is the argument from *Rawlings*, transported to a property case.

The Court cannot find privity here. The Pounders and the defendants are owners of separate properties, and the defendants were not joined as parties in the *Pounders* action. Nothing suggests that the Pounders could have asserted any of the defendants' legal rights in their lawsuit. The *Pounders* court did not say where the easement ought to be on the defendants' property. The remedy ordered in that case was specific to the Pounders' property and their dispute with Columbia, and included such components as: a judgment on whether the Pounders could plant trees within the easement; a judgment that certain trees on the Pounders' property interfered with Columbia's rights under the ROW Agreement; and a judgment that the easement through the Pounders' property is not sixty feet wide, but runs to a point "two feet east of the existing line of deciduous trees located on the northern section of the property . . . ." (Pounders Order 2.) Although the Pounders and the defendants are in a very similar dispute, the details are unique to each conflict such that their interests are not identical. Moreover, the court did not mention the Martins in the final order in the *Pounders* action; this suggests none of the defendants' rights were or could have been adjudicated in that lawsuit. Surely, had Columbia won the Pounders case, the Martins would demand their own day in court.

Based on the above analysis, the Court finds that the defendants have not established the privity element of their res judicata defense. Accordingly, the Court will grant Columbia's motion for summary judgment on the res judicata issue.[3]

### B. Collateral Estoppel

The defendants also assert that the doctrine of collateral estoppel bars Columbia from litigating the issue of the width of the easement running through their property. Collateral estoppel is very similar to res judicata, and has the effect of precluding "parties to a prior action from litigating in a subsequent action any factual issue that was actually litigated and essential to a valid, final judgment in the prior action." *Scales v. Lewis*, 261 Va. 379, 382, 541 S.E.2d 899, 901 (2001). For collateral estoppel to apply, the defendant must show each of the following elements: (1) the parties to the prior and subsequent proceedings or their privies must be the same; (2) the factual issue in contention must have been litigated in the prior action; (3) the factual issue must have been essential to the judgment in the prior action; (4) there must have been a valid, final judgment in the prior action; and (5) mutuality. *Id.* Mutuality is exclusive to the doctrine of collateral estoppel, and means that "a litigant cannot invoke collateral estoppel unless he would have been bound had the litigation of the issue in the prior action reached the opposite result." *Angstadt v. Atl. Mut. Ins. Co.*, 249 Va. 444, 447, 457 S.E.2d 86, 87 (1995).

### 1. Identical Parties and Privity

The analysis of the party and privity element is the same as the analysis in the res judicata context. Ordinarily, the doctrine of collateral estoppel requires that the parties in the proceedings must be the same. It is clear that the parties are not the same, as the defendants were not joined

---

[3] As to the other elements of res judicata, Columbia concedes that the Pounders decision is a final judgment. Because of the decision on privity, the Court need not address the issue whether the two cases involve a common occurrence or transaction.

as parties in the *Pounders* action. As with res judicata, an exception to the identity of parties rules exists if the parties in the two cases are in privity. In the case of collateral estoppel, "privity ordinarily involves a party so identical in interest with another that he represents the same legal right." *Angstadt*, 249 Va. at 446, 457 S.E.2d at 87. For the reasons set forth above, the Pounders could not have represented the rights of the defendants or any of the other adjacent properties in the course of litigating their claims. Accordingly, the Court finds that the defendants have not satisfied the privity requirement for collateral estoppel.

### 2. Mutuality

For similar reasons, the Martins cannot establish mutuality. The principle of mutuality holds that "a litigant may not invoke a preclusive judgment if he would not have been bound by the opposite result." *Weinberger v. Tucker*, 510 F.3d 486, 494 (4th Cir. 2007) (citing *Rawlings v. Lopez*, 267 Va. 4, 591 S.E.2d 691 (2004)). The requirement of mutuality "serves to keep the influence of the initial adjudication within proper bounds by requiring that to be effective the estoppel of the judgment must be mutual." *Norfolk & W. Ry. Co. v. Bailey Lumber Co.*, 221 Va. 638, 640, 272 S.E.2d 217, 218 (1980). In this case, the defendants would not have been bound if Columbia had won all of the claims in the *Pounders* action. The defendants were not parties to that action. The court ruled only regarding the Pounders' property and their disagreement with Columbia, and no other neighbors were mentioned in the order or the transcript of the judge's rulings. In addition, some of the specific remedies in the final order in the *Pounders* action, including Columbia's right to remove certain foliage from within the easement, have nothing to do with the defendants or their current action. These details show that the defendants and their property were not affected by the final ruling in the *Pounders* action and were not bound by any ruling in it, meaning that mutuality has not been satisfied. The Court, therefore, finds that the

defendants have not established the mutuality element required to assert a defense of collateral estoppel.[4]

### 3. Conclusion

Given the lack of privity and mutuality, the Court sustains the motion for summary judgment as to the defense of collateral estoppel

### C. Motion to Dismiss Count III of the Counterclaim

In Count Three of their counterclaim, the defendants allege that Columbia breached the ROW Agreement by removing trees and other plant life within the boundaries of the right of way and failing to compensate the defendants for damages caused by the removal. (Countercl. ¶ 49.) The defendants contend that Columbia has exercised "rights greater than those granted to it in the ROW Agreement—namely, the removal of trees, plants and brush for a purpose not contemplated by the ROW Agreement." (Defs.' Opp'n Mem. 8.) Columbia has the right to erect and maintain pipelines within the easement, but the original grant mentions nothing about the right to clear the area within the easement to erect a valve station. The defendants allege that they never gave Columbia permission to erect the second valve station. The Court finds that the defendants' assertions state a "plausible" claim for relief, as required under *Twombly* and *Iqbal*. Count Three of the counterclaim will therefore survive the motion to dismiss.

## IV. Conclusion

For the reasons stated above, the Court GRANTS Columbia's motion for partial summary judgment on the res judicata and collateral estoppel issues. The Court GRANTS Columbia's motion to strike the second affirmative defense. Finding that the defendants have

---

[4] Because of the lack of mutuality and privity, the Court need not address the other elements of the collateral estoppel defense.

13

adequately pled a claim in Count III of the counterclaim, the Court DENIES Columbia's motion to dismiss.

The Court will enter an appropriate order.

/s/ _____
John A. Gibney, Jr.
United States District Judge

Date: November 22, 2011
Richmond, VA